**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY KEEN KIRCHOFF, M.D.; MICHAL PORUBCIN, M.D.; MICHAEL HAWKING, M.D.; BRIAN COURI, M.D.; MOST REVEREND THOMAS J. PAPROCKI, ROMAN CATHOLIC BISHOP OF THE DIOCESE OF SPRINGFIELD IN ILLINOIS, and LUTHERAN CARE CENTER, | ) | |
| | ) | Case No.: 1:26-cv-9628 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Franklin U. Valderrama<br>U.S. District Judge |
| MARIO TRETO, JR., Secretary of the Illinois Department of Financial and Professional Regulation and SAMEER VOHRA, Director of the Illinois Department of Public Health, in their official capacities, | ) | |
| Defendants. | ) | |

**STIPULATED TEMPORARY RESTRAINING ORDER**

Before the Court in this matter is the Parties' Stipulated Motion for Temporary Restraining Order against enforcement of certain provisions of the End-of-Life Options for Terminally Ill Patients Act ("EOLO"), 410 ILCS 22, effective September 12, 2026, and certain provisions of the Health Care Right of Conscience Act ("HCRCA"), 745 ILCS 70, to the extent they are related to acts or omissions under EOLO, pending the issuance of the mandate in the Seventh Circuit Court of Appeals' decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction.

**WHEREFORE**, the parties having stipulated to the terms of the following temporary restraining order, and for the reasons and on the conditions provided in the parties' corresponding Stipulated Motion for Temporary Restraining Order, R. 13, the Court hereby **GRANTS** the Parties' motion and enters the following temporary restraining order:

> Defendants Mario Treto, Jr., in his official capacity as the Secretary of the Illinois Department of Financial and Professional Regulation, and Sameer Vohra, M.D., in his capacity as the Director of the Illinois Department of Public Health, their officers, agents, and employees, and all persons in active concert or participation with them, are restrained from enforcing against Plaintiffs, and Catholic health care entities in the Diocese of Springfield, Ill., under Plaintiff Bishop Thomas J. Paprocki's authority, (i) the End of Life Options Act, 410 ILCS 22, or (ii) subsections 6.1(1) through 6.1(3) of the Health Care Right of Conscience Act, 745 ILCS 70, to the extent they relate to acts or omissions under the End of Life Options Act. The foregoing restraint from enforcement includes refraining from treating Plaintiffs' noncompliance with any such provisions as a basis for liability, discipline, or licensure action under any law, pending the issuance of the mandate following the Seventh Circuit Court of Appeals' decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction.
>
> After the expiration of this Order, Defendants shall not impose any discipline for acts or omissions that occurred while this Order was in effect if this Order would have prevented them from imposing such discipline while this Order was in effect.
>
> After the mandate is issued by the Seventh Circuit Court of Appeals in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), the parties shall notify this Court within 7 days and jointly propose a schedule for the filing and briefing of Plaintiffs' motion for preliminary injunction.
>
> The terms of this Order will be unaffected by any amended complaint in this matter. This Order remains in full force and effect until the Court rules on Plaintiffs' motion for preliminary injunction or as further ordered by the Court. The parties reserve all rights to seek to modify or lift this temporary restraining order at any time.
>
> This injunction applies only to the named plaintiffs of *Kirchoff v. Treto*, Case no. 1:26-cv-9628 (N.D. Ill.), and does not prevent the Illinois Department of Public Health or the Illinois Department of Financial and Professional Regulation from pursuing enforcement actions against non-parties who violate the Act.

**IT IS SO ORDERED.**

Date: August 21, 2026

Hon. Franklin U. Valderrama
U.S. District Judge