**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARY KEEN KIRCHOFF, M.D.; MICHAL PORUBCIN, M.D.; MICHAEL HAWKING, M.D.; BRIAN COURI, M.D.; WILLIAM CREVIER, M.D.; CAROL CREVIER, FNP DNP MPH; MOST REVEREND THOMAS J. PAPROCKI, ROMAN CATHOLIC BISHOP OF THE DIOCESE OF SPRINGFIELD IN ILLINOIS; LUTHERAN CARE CENTER; ILLINOIS CATHOLIC HEALTH ASSOCIATION; CHRISTIAN MEDICAL AND DENTAL ASSOCIATIONS; NATIONAL ASSOCIATION OF CATHOLIC NURSES; AND CATHOLIC PSYCHOTHERAPY ASSOCIATION INC., | ) | Case No.: 1:26-cv-9628 |
| Plaintiffs, | ) | Hon. Franklin U. Valderrama<br>U.S. District Judge |
| v. | ) | |
| MARIO TRETO, JR., Secretary of the Illinois Department of Financial and Professional Regulation and SAMEER VOHRA, Director of the Illinois Department of Public Health, in their official capacities, | ) | |
| Defendants. | ) | |

**STIPULATED AMENDED TEMPORARY RESTRAINING ORDER**

Before the Court in this matter is the Parties' Second Stipulated Motion for Temporary Restraining Order against enforcement of certain provisions of the End-of-Life Options for Terminally Ill Patients Act ("EOLO"), 410 ILCS 22, effective September 12, 2026, and certain provisions of the Health Care Right of Conscience Act ("HCRCA"), 745 ILCS 70, to the extent

they are related to acts or omissions under EOLO, pending the issuance of the mandate in the Seventh Circuit Court of Appeals' decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction.

**WHEREFORE**, the parties having stipulated to the terms of the following Amended Temporary Restraining Order, and for the reasons and on the conditions provided in the Parties' corresponding Second Stipulated Motion for Temporary Restraining Order, Dkt. 28, the Court hereby **GRANTS** the Parties' motion, vacates the first stipulated temporary restraining order dated August 21, 2026 (Dkt. 14), and enters the following Stipulated Amended Temporary Restraining Order:

> Defendants Mario Treto, Jr., in his official capacity as the Secretary of the Illinois Department of Financial and Professional Regulation ("IDFPR"), and Sameer Vohra, M.D., in his capacity as the Director of the Illinois Department of Public Health ("IDPH"), their officers, agents, and employees, and all persons in active concert or participation with them, are restrained from enforcing (i) the End of Life Options Act, 410 ILCS 22, or (ii) subsections 6.1(1) through 6.1(3) of the Health Care Right of Conscience Act, 745 ILCS 70, to the extent they relate to acts or omissions under the End of Life Options Act against (a) Plaintiffs and those providing care on their premises, (b) Catholic health care entities in the Diocese of Springfield, Ill., under Plaintiff Bishop Thomas J. Paprocki's authority, and (c) any other health care professional or health care entity that is a member of a Plaintiff association. The foregoing restraint from enforcement includes refraining from treating Plaintiffs' noncompliance with any such provisions as a basis for liability, discipline, or licensure action under any law, pending the issuance of the mandate following the Seventh Circuit Court of Appeals' decision in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), and this Court's subsequent ruling on Plaintiffs' expected motion for preliminary injunction.
>
> For a health care entity or health care professional who is a member of a Plaintiff association to receive the benefits of this Order, the entity or professional must provide written confirmation of membership in the Plaintiff association to IDPH or IDFPR after receiving written notice that IDPH or IDFPR is taking an action restrained by this Order that relates to the entity's or professional's alleged act or omission, wherein such confirmation of membership must show membership at the time of the alleged act or omission. The written confirmation of membership shall alert IDPH or IDFPR to the entity's or professional's claim to be covered by

this Order. IDPH or IDFPR does not violate this Order by taking action against an entity or professional that fails to provide such confirmation to the appropriate agency.

The phrases "health care professional" and "health care entity" shall have the meanings assigned to them by 410 ILCS 22/10.

After the expiration of this Order, Defendants shall not impose any liability, discipline, or licensure action for acts or omissions that occurred from September 12, 2026 until the expiration of this Order, if this Order would have prevented them from imposing such liability, discipline, or licensure action while this Order was in effect.

After the mandate is issued by the Seventh Circuit Court of Appeals in *NIFLA v. Treto* and *Schroeder v. Treto* (Nos. 25-1603, 25-1659, 25-1655, & 25-1657), the parties shall notify this Court within 7 days and jointly propose a schedule for the filing and briefing of Plaintiffs' motion for preliminary injunction.

The terms of this Order will be unaffected by any amended complaint in this matter. This Order remains in full force and effect until the Court rules on Plaintiffs' motion for preliminary injunction or as further ordered by the Court. The parties reserve all rights to seek to modify or lift this temporary restraining order at any time.

This injunction does not prevent the Illinois Department of Public Health or the Illinois Department of Financial and Professional Regulation from pursuing enforcement actions against any other health care professional or health care entity not covered by this Order.

**IT IS SO ORDERED.**

Date: October 5, 2026

Hon. Franklin U. Valderrama
U.S. District Judge